**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sokolskyfilm, Inc., <br><br> Plaintiff, <br><br> v. <br><br> R Tailor, LLC d/b/a Rebecca Taylor, <br><br> Defendant. | Case No: <br><br><br> **COMPLAINT** <br><br><br><br> JURY TRIAL DEMAND |

Plaintiff Sokolskyfilm, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant R Tailor, LLC d/b/a Rebecca Taylor ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Melvin Sokolsky ("*Sokolsky*") (1933–2022) was a pioneering American photographer and film director celebrated for redefining fashion photography with imaginative, surreal imagery. Best known for his iconic 1963 "Bubble" series for *Harper's Bazaar*, his work transformed editorial storytelling and influenced generations of photographers. Sokolsky received more than twenty-five Clio Awards and a Directors Guild nomination, and his technical innovations earned an Academy Award nomination. His photographs are held in major museum collections, including the Victoria & Albert Museum and the Louvre.

3.    Sokolsky created a photograph of a woman jumping over tables in a restaurant (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4.    Defendant is a New York–based apparel company that operates a contemporary women's fashion brand known for its refined, feminine aesthetic and modern romantic sensibility.

1

Founded in 1996 and rooted in New York City's design culture, the brand offers ready-to-wear collections including dresses, tailored separates, knitwear, and outerwear distinguished by delicate detailing, artful prints, and couture-inspired craftsmanship.

5.      Defendant positions itself as an artistically driven lifestyle brand, combining vintage-inspired influences with modern silhouettes to create versatile, everyday luxury pieces for a global customer base. Its collections emphasize quality, texture, and design innovation, and are distributed through e-commerce channels, branded boutiques, and high-end department stores worldwide. Operating from its New York headquarters, R Tailor, LLC continues to develop and market the Rebecca Taylor brand as a sophisticated, design-focused label aimed at fashion-conscious consumers seeking polished, expressive, and elevated wardrobe essentials.

6.      As a key part of its business and branding strategy, Defendant owns and operates a social media account on Instagram known as rebeccataylornyc (the "*Account*").

7.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8.      Plaintiff is a California corporation and maintains a principal place of business in Los Angeles County, California.

9.      Defendant is a Delaware limited liability company with a principal place of business at 121 W 36th Street, Suite 411, New York in New York County, New York.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

12.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the

2

claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

13.      Plaintiff is a professional photography corporation by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16.      Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17.      Sokolsky first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

18.      In creating the Photograph, Sokolsky personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.      On June 30, 2000, the Photograph was registered by the USCO under Registration No. TX 5-258-184. On June 4, 2026, a supplementary registration was issued under Registration No. TX 9-605-033.

20.      Sokolsky created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

21.      Plaintiff acquired the rights in and to the Photograph by way of written assignment.

**B.      Defendant's Infringing Activity**

22.      Defendant is the registered owner of the Account and is responsible for its content.

23.      Defendant is the operator of the Account and is responsible for its content.

24.      The Account is a part of and used to advance Defendant's commercial enterprise.

25.    Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their posts have been properly licensed.

27.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30.    On or about December 31, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line post at URL: https://www.instagram.com/p/C1hkXUsu8a8/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

31.    The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

32.    Plaintiff first observed the Infringement on February 15, 2024.

33.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

34.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be

4

communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

36.    Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

37.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

38.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

39.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

40.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

41.    Upon information and belief, Defendant monitors the content on its Account.

42.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

43.    Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

44.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

45.    Upon information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

46.     Defendant's use of the Photograph harmed the actual market for the Photograph.

47.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**C.     Prior Action and Pre-Suit Notice**

49.     Plaintiff previously commenced an action in the United States District Court for the Southern District of New York against Rebecca Taylor, Inc., arising out of similar acts of copyright infringement involving Plaintiff's works.

50.     Upon information and belief, Rebecca Taylor, Inc. operated the same or substantially similar business as Defendant and maintained a principal place of business at 121 W 36th Street, Suite 411, New York, New York—the same address currently used by Defendant.

51.     In that prior action, Rebecca Taylor, Inc. was duly served with process at the foregoing address and additional known business addresses, and Plaintiff thereafter served multiple filings, including the summons and complaint, requests for default, and motion papers. Despite such notice, Rebecca Taylor, Inc. failed to appear, resulting in the entry of a default judgment.

52.     Upon information and belief, Defendant is a successor to, continuation of, and/or otherwise substantially related entity to Rebecca Taylor, Inc., and has had actual or constructive notice of Plaintiff's copyright claims and enforcement efforts.

53.     In addition, prior to the commencement of this action, Plaintiff, through counsel, made efforts to notify Defendant of the infringing activity and to resolve the matter without litigation.

54.     Notwithstanding such notice, Defendant continued to display and exploit the Photograph without authorization, demonstrating willful infringement and conscious disregard of Plaintiff's rights.

55.     Upon information and belief, Defendant's infringement is willful. Defendant had

6

actual or constructive knowledge of Plaintiff's rights through prior legal proceedings involving its predecessor entity, including service of process and repeated litigation notices at Defendant's current business address. Despite this knowledge, Defendant continued its infringing conduct.

56.    Upon information and belief, Defendant is a mere continuation of, successor to, or otherwise affiliated with Rebecca Taylor, Inc., including through continuity of operations, branding, business address, and commercial activities.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

57.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

59.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

60.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

61.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

63.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

7

64.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

65.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

66.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

67.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.     for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: July 20, 2026

**SANDERS LAW GROUP**

By:     */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130066

*Attorneys for Plaintiff*

9