UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sokolskyfilm, Inc.,<br>Plaintiff,<br>v.<br>R Tailor, LLC d/b/a Rebecca Taylor,<br>Defendant. | Case No: 1:26-cv-06123-VM<br>**FIRST AMENDED COMPLAINT**<br>JURY TRIAL DEMAND |

Plaintiff Sokolskyfilm, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its First Amended Complaint against defendant R Tailor, LLC d/b/a Rebecca Taylor ("*Defendant*") states and alleges as follows:

SLG SANDERS · LAW GROUP ·

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Melvin Sokolsky ("*Sokolsky*") (1933–2022) was a pioneering American photographer and film director celebrated for redefining fashion photography with imaginative, surreal imagery. Best known for his iconic 1963 "Bubble" series for *Harper's Bazaar*, his work transformed editorial storytelling and influenced generations of photographers. Sokolsky received more than twenty-five Clio Awards and a Directors Guild nomination, and his technical innovations earned an Academy Award nomination. His photographs are held in major museum collections, including the Victoria & Albert Museum and the Louvre.

3. Sokolsky created a photograph of a woman jumping over tables in a restaurant, titled *Fly Side Jump* (the "Photograph"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Defendant is a New York–based apparel company that operates a contemporary women's fashion brand known for its refined, feminine aesthetic and modern romantic sensibility.

Founded in 1996 and rooted in New York City's design culture, the brand offers ready-to-wear collections including dresses, tailored separates, knitwear, and outerwear distinguished by delicate detailing, artful prints, and couture-inspired craftsmanship.

5. Defendant positions itself as an artistically driven lifestyle brand, combining vintage-inspired influences with modern silhouettes to create versatile, everyday luxury pieces for a global customer base. Its collections emphasize quality, texture, and design innovation, and are distributed through e-commerce channels, branded boutiques, and high-end department stores worldwide. Operating from its New York headquarters, R Tailor, LLC continues to develop and market the Rebecca Taylor brand as a sophisticated, design-focused label aimed at fashion-conscious consumers seeking polished, expressive, and elevated wardrobe essentials.

6. As a key part of its business and branding strategy, Defendant owns and operates a social media account on Instagram known as rebeccataylornyc (the "*Account*").

7. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

8. Plaintiff is a California corporation and maintains a principal place of business in Los Angeles County, California.

9. Defendant is a Delaware limited liability company with a principal place of business at 121 W 36th Street, Suite 411, New York in New York County, New York.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the



SLG SANDERS LAW GROUP

claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

13. Plaintiff is a professional photography corporation by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. Sokolsky created the Photograph, which is titled *Fly Side Jump*. A copy of the Photograph is attached hereto as Exhibit 1.

18. In creating the Photograph, Sokolsky personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19. The Photograph was first published on April 1, 2000, at page 41 of the volume *Melvin Sokolsky: Seeing Fashion*.

20. On June 30, 2000, the USCO issued Registration No. TX 5-258-184 covering *Melvin Sokolsky: Seeing Fashion*. That registration identifies Melvin Sokolsky as the author of the photographs contained in the volume and as the copyright claimant.

21. The Photograph is among the photographs covered by Registration No. TX 5-258-184.

22. On June 4, 2026, the USCO issued Supplementary Registration No. TX 9-605-033, which amplifies Registration No. TX 5-258-184 and states that the claim covers Melvin Sokolsky's previously unpublished photographs and his compilation authorship consisting of his

SLG SANDERS · LAW GROUP ·

selection of his photographs.

23. The Photograph is among the previously unpublished photographs covered by Registration No. TX 5-258-184 as amplified by Supplementary Registration No. TX 9-605-033.

24. The Photograph was also published on January 11, 2009, at page 442 of the volume *Archive*.

25. *Archive*, which includes the Photograph, was registered by the USCO on February 25, 2009 under Registration No. TX 7-387-426. That registration identifies Melvin Sokolsky as the author of the text, photographs and editing and as the copyright claimant, states that the new material included in the claim comprises "some text and all photographs," and excludes from the claim only "text from other sources."

26. Registration No. TX 5-258-184 was made within five years after the first publication of the Photograph and constitutes prima facie evidence of the validity of the copyright in the Photograph and of the facts stated in the certificate. 17 U.S.C. § 410(c).

27. True and correct copies of Registration No. TX 5-258-184, Supplementary Registration No. TX 9-605-033 and Registration No. TX 7-387-426 are attached hereto as Exhibit 3.

28. Sokolsky created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

29. Upon Melvin Sokolsky's death, his copyright interests, including his entire right, title and interest in and to the Photograph, passed to his son, Bing Sokolsky.

30. Bing Sokolsky thereafter assigned those interests, including all right, title and interest in and to the Photograph, to Plaintiff by written instrument.

31. That assignment conveyed to Plaintiff, in addition to the copyright itself, all claims and causes of action for infringement of the Photograph accruing prior to the date of the assignment, together with the right to sue for and to recover all damages, profits and other relief on account of such infringements.

32. Plaintiff is the owner of the copyright in the Photograph and holds the exclusive



SIG SANDERS · LAW GROUP ·

right to enforce it, including as to the Infringement alleged herein.

**B. Defendant's Infringing Activity**

33. Defendant is the registered owner of the Account and is responsible for its content.

34. Defendant is the operator of the Account and is responsible for its content.

35. The Account is a part of and used to advance Defendant's commercial enterprise.

36. Upon information and belief, Defendant is a sophisticated business which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

37. Defendant is a sophisticated commercial enterprise that operates an e-commerce business and maintains branded social media accounts as a part of its marketing operations.

38. Upon information and belief, Defendant regularly licenses photography and other creative content for use in its advertising and marketing, and is familiar with the practice of obtaining permission before publishing photographs it does not own.

39. On or about December 31, 2023, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the Account as part of an on-line post at URL: https://www.instagram.com/p/C1hkXUsu8a8/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

40. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

41. Defendant published the Photograph without any attribution to Sokolsky and without any copyright notice.

42. Plaintiff first observed the Infringement on February 15, 2024.

43. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

44. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be



SLG SANDERS LAW GROUP

communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

45. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

46. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

47. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

48. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

49. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

51. Upon information and belief, Defendant monitors the content on its Account.

52. The Account was publicly accessible, and the Photograph was visible to the Account's followers and to the public throughout the period it remained posted.

53. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

54. At no time did Defendant seek or obtain a license from Plaintiff, or make any inquiry of Plaintiff, concerning the Photograph.

55. Defendant's use of the Photograph harmed the actual market for the Photograph.

56. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**C. <u>Prior Action and Pre-Suit Notice</u>**

58. Plaintiff previously commenced an action in this District against Rebecca Taylor, Inc., *Sokolskyfilm, Inc. v. Rebecca Taylor, Inc.*, No. 1:24-cv-07817 (S.D.N.Y.), arising out of the unauthorized display of the same Photograph.

59. No part of the judgment entered in the prior action has been satisfied. Plaintiff seeks a single recovery for the Infringement and will credit against any recovery in this action any amount actually collected on that judgment.

60. Upon information and belief, Rebecca Taylor, Inc. operated the same or substantially similar business as Defendant. The address Defendant has designated with the New York Department of State for service of process upon it, 121 W 36th Street, Suite 411, New York, New York, was among the addresses at which Rebecca Taylor, Inc. was served with notices in the prior action.

61. In that prior action, Rebecca Taylor, Inc. was served with the summons and complaint through the Secretary of State of the State of New York on October 25, 2024, and failed to appear or answer. The Clerk of Court issued a certificate of default on January 10, 2025. Plaintiff thereafter served the certificate of default at 121 W 36th Street, Suite 411, at 500 5th Avenue, 20th Floor, at 28 Liberty Street and at 123 Watts Street, and by electronic mail to legal@rebeccataylor.com and partnerships@rebeccataylor.com. Rebecca Taylor, Inc. did not appear, and a default judgment was entered against it.

62. In the alternative, and solely with respect to Defendant's state of mind and the measure of damages, Plaintiff alleges upon information and belief that Defendant is a successor to, continuation of, or otherwise substantially related entity to Rebecca Taylor, Inc., and that through that relationship Defendant had notice of Plaintiff's rights and of Plaintiff's enforcement efforts. Plaintiff's claim for infringement does not depend upon this allegation.



SLG SANDERS · LAW GROUP ·

63. Prior to the commencement of this action, Plaintiff's counsel wrote on June 12, 2024, by electronic mail addressed to the Rebecca Taylor business at cs@rebeccataylor.com, concerning the Infringement. That letter enclosed a copy of the Photograph, enclosed a color copy of the screengrab of the infringing post, identified the URL at which the Infringement appeared, and requested any documentation concerning a claimed license, including any sales order or invoice number. The letter further requested that, if a third party had licensed the image, the recipient provide Plaintiff's counsel with that third party's contact information and a copy of any invoice in its possession pertaining to the image. No response was received.

64. Plaintiff's counsel wrote again on July 31, 2024, by electronic mail to the same address, enclosing the same materials and advising that no license for the use had been located and that the failure to respond left Plaintiff to conclude that the use was unlicensed. No response was received.

SLG SANDERS · LAW GROUP ·

65. That letter further advised the recipient of its obligation to preserve all evidence relevant to the matter and stated that the duty of preservation extended to data files, electronic mail, calendars, telephone logs, access lists and logs located on the recipient's computer networks, mail servers, individual workstations, external drives, and any web or email host within its control.

66. The Photograph remained posted on the Account after each of those letters. It was removed on or before August 5, 2024.

67. Upon information and belief, when Defendant removed the Photograph from the Account on or before August 5, 2024, Defendant simultaneously removed from public view every other post that had been published to the Account before that date.

68. The removal of the Photograph, and of the Account's entire public posting history, occurred within days of Plaintiff's July 31, 2024 letter and of the preservation demand contained in it.

69. Upon information and belief, Defendant removed the Photograph and the Account's public posting history with knowledge of Plaintiff's claim and in response to Plaintiff's correspondence.

70. Defendant's removal of the Photograph did not occur until approximately seven months after it was posted and did not occur until after Plaintiff's second letter.

71. Upon information and belief, the posts removed from public view on or before August 5, 2024 included records relevant to the Infringement, including the Account's posting history and associated engagement data.

72. Upon information and belief, the Photograph was removed from the Account by the person or entity that then controlled the Account, and that person or entity had received Plaintiff's letters of June 12, 2024 and July 31, 2024.

73. Neither Defendant nor any other person or entity responded to either letter, and no one advised Plaintiff or its counsel that the Rebecca Taylor business and the Account were being operated by an entity other than Rebecca Taylor, Inc.

74. Defendant thus had actual notice of Plaintiff's claim, acted upon that notice by removing the Photograph from public view, and elected both to withhold any response to Plaintiff's inquiries and to leave uncorrected the understanding that the Rebecca Taylor business was operated by Rebecca Taylor, Inc.

75. Plaintiff's identification of the operator of the Account was frustrated by Defendant's silence in the face of correspondence that expressly requested the identity and contact information of any third party claiming a license.

76. Defendant's infringement was willful. Defendant copied and publicly displayed a professional photograph on the branded commercial account of an apparel business, without a license and without any attempt to identify the copyright owner or to clear the rights and allowed the Photograph to remain displayed after Plaintiff's counsel twice wrote identifying both the Photograph and the infringing post.

77. Defendant acted with knowledge that its conduct infringed Plaintiff's rights or, at a minimum, with reckless disregard of, and willful blindness to, those rights.

78. Defendant's election to act upon Plaintiff's notice while withholding its identity is a circumstance bearing upon the willfulness of the Infringement.



SLG SANDERS · LAW GROUP ·

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

79. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

80. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

81. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

82. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

83. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

84. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

85. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

86. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

87. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in



SLG SANDERS · LAW GROUP ·

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

88. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

89. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.



SLG SANDERS · LAW GROUP ·

DATED: October 5, 2026

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders___________*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130066

*Attorneys for Plaintiff*